IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT N. WASHINGTON,

        Plaintiff,                No. 2:09-cv-1677 JFM (PC)

    vs.

CAPTAIN R. FOX, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4   U.S.C. § 1915(b)(2).

5           The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

22  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

23  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

24  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

25  id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

2

1  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

2  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

3  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

4  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

5  U.S. 232, 236 (1974).

6          In his complaint plaintiff has named the Department of Corrections and

7  Rehabilitation ("CDCR") as one of the defendants.  The Eleventh Amendment serves as a

8  jurisdictional bar to suits brought by private parties against a state or state agency unless the state

9  or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v.

10  Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir.

11  1982).  In the instant case, the State of California has not consented to suit.  Accordingly,

12  plaintiff's claims against the CDCR are frivolous and must be dismissed.

13          Moreover, plaintiff's allegation concerning the prison law library is insufficient to

14  state a cognizable claim against the named defendant.  A prisoner alleging a violation of his right

15  of access to the courts must demonstrate that he has suffered "actual injury."  Lewis v. Casey,

16  518 U.S. 343, 349-50, 116 S.Ct. 2174 (1996).  The right to access the courts is limited to direct

17  criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of

18  confinement.  Id. at 354-55.  "An inmate cannot establish relevant actual injury simply by

19  establishing that his prison's law library or legal assistance program is sub-par in some theoretical

20  sense."  Id. at 351.  Rather, the inmate "must go one step further and demonstrate that the library

21  or legal assistance program hindered his efforts to pursue a legal claim."  Id.  The actual-injury

22  requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been

23  frustrated or was being impeded."  Id. at 353.  In Lewis v. Casey, the Supreme Court defined

24  prisoners' right of access to the courts as simply the "right to bring to court a grievance."  Id. at

25  354.  The Court specifically rejected the notion that the state must enable a prisoner to "litigate

26  effectively once in court."  Id. (quoting and disclaiming language contained in Bounds v. Smith,

430 U.S. 817, 825-26, 97 S.Ct. 1491 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir.1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).  Here, plaintiff alleges generally that he "has lost 7 years of [his] life by filing/material use by this library." (Complt. at 3.)  Plaintiff contends the law library did not keep material that would help an inmate gain relief." (Id.)  Plaintiff does not allege any "actual injury."  Thus, plaintiff fails to state a claim for relief under section 1983.  Plaintiff will, however, be provided an opportunity to amend his complaint to allege actual injury if he can demonstrate that a nonfrivolous legal claim has been impeded.

Finally, plaintiff alleges that defendant Fox deprived petitioner of

> all equal protection rights and privileges by causing a violent
> hostile environment by placing [him] in adseg and causing inmates
> to accuse [him] of shutting down the program for a day.  [He] spent
> 1-1/2 months in adseg without any privileges or rights.

(Complt. at 4.)

The Due Process Clause of the United States Constitution affords limited protection to inmates charged with prison rules violations.

> Under the Fourteenth Amendment's Due Process Clause, a
> prisoner is entitled to certain due process protections when he is
> charged with a disciplinary violation.  Wolff v. McDonnell, 418
> U.S. 539, 564-571 . . . (1974).  Such protections include the rights
> to call witnesses, to present documentary evidence and to have a
> written statement by the factfinder as to the evidence relied upon
> and the reasons for the disciplinary action taken.  Id.
>
>     These healthy procedural protections, however, adhere only
> when the disciplinary action implicates a protected liberty interest
> in some "unexpected matter" or imposes an "atypical and
> significant hardship on the inmate in relation to the ordinary
> incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484 . . .
> (1995); see also Ramirez v. Galaza, 334 F.3d 850, 860 (2003) ("If
> the hardship is sufficiently significant, then the court must
> determine whether the procedures used to deprive that liberty
> satisfied Due Process.") (citations omitted).

Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003), cert. denied Serrano v. Hamlet, ---

____ U.S. ____, 2004 WL 1191400 (U.S. Oct 04, 2004) (NO. 03-10099).  Plaintiff's allegations

do not demonstrate whether the ad seg placement implicated the procedural guarantees of the federal due process clause.  Moreover, the complaint contains no information about whether plaintiff was deprived of any interest protected by the federal due process clause as a result of the events set forth.

> Typically, administrative segregation in and of itself does not implicate a protected liberty interest. *See, e.g., Sandin,* 515 U.S. at 486 . . . ("[D]isciplinary segregation, with insignificant exceptions, mirror[s] those conditions imposed upon inmates in administrative segregation and protective custody."); *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir.2000) (holding that the pre-sentencing prisoner had no liberty interest in being free from administrative segregation); *accord Wagner v. Hanks,* 128 F.3d 1173, 1174 (7th Cir.1997) ("But it would be difficult (we do not say impossible) to make disciplinary segregation sufficiently more restrictive than the conditions of the general population . . . to count as an atypical and significant deprivation of liberty[.]"); *Freitas v. Ault,* 109 F.3d 1335, 1337 (8th Cir.1997) ("We believe that as a matter of law these conditions of [standard administrative segregation] do not constitute an 'atypical and significant' hardship, . . . when compared to the burdens of ordinary prison life.") (internal citation omitted).

Serrano, 345 F.3d at 1078.

Without more, plaintiff's allegation concerning his placement in ad seg does not state a cognizable claim for relief under 42 U.S.C. § 1983.  Prisoners generally do not have a liberty interest under the Fourteenth Amendment in their classification status or custody level. See Hewitt v. Helms, 459 U.S. 460, 468 (1983)("It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); see also Toussaint v. McCarthy, 801 F.2d 1080, 1092 (9th Cir. 1986) ("A liberty interest does not arise even when administrative segregation imposes 'severe hardships,' such as 'denial of access to vocational, educational, recreational, and rehabilitative programs, restrictions on exercise, and confinement to [one's] cell for lengthy periods of time.'") (quoting Hewitt, 459 U.S. at 467 n.4.)  Plaintiff was held in adseg for about 45 days.  Prison officials are given wide discretion in ensuring the security of the institutions they manage.  See Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (inmate's

1  confinement in security housing unit for seventy days pending a disciplinary hearing did not

2  implicate a liberty interest).

3         The court finds the allegations in plaintiff's complaint so vague and conclusory

4  that it is unable to determine whether the current action is frivolous or fails to state a claim for

5  relief.  The court has determined that the complaint does not contain a short and plain statement

6  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

7  policy, a complaint must give fair notice and state the elements of the claim plainly and

8  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

9  must allege with at least some degree of particularity overt acts which defendants engaged in that

10  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

11  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

12  an amended complaint.

13         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

15  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

16  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

17  there is some affirmative link or connection between a defendant's actions and the claimed

18  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

19  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

20  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

21  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

23  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

24  amended complaint be complete in itself without reference to any prior pleading.  This is

25  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

26  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

1    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

2    original complaint, each claim and the involvement of each defendant must be sufficiently

3    alleged.

4            In accordance with the above, IT IS HEREBY ORDERED that:

5            1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6            2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

7    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

8    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

9    Director of the California Department of Corrections and Rehabilitation filed concurrently

10    herewith.

11            3.  Plaintiff's complaint is dismissed.

12            4.  Within thirty days from the date of this order, plaintiff shall complete the

13    attached Notice of Amendment and submit the following documents to the court:

14                a.  The completed Notice of Amendment; and

15                b.  An original and one copy of the Amended Complaint.

16    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

17    Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

18    bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

19    file an amended complaint in accordance with this order will result in a recommendation that this

20    action be dismissed.

21    DATED:  August 18, 2009.

22

23

24                        UNITED STATES MAGISTRATE JUDGE

25    /001; wash1677.14

26

1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT N. WASHINGTON,

11              Plaintiff,                     No. 2:09-cv-1677 JFM (PC)

12      vs.

13   CAPTAIN R. FOX, et al.,                   NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____       Amended Complaint

19   DATED:

20

21                                       _____

22                                       Plaintiff

23

24

25

26