IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT N. WASHINGTON,

    Plaintiff,                    No. 2:09-cv-1677 JFM (PC)

    vs.

CAPTAIN R. FOX, et al.,

    Defendants.                ORDER

_____/

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Plaintiff's amended complaint is before the court.

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355
12 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must
13 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
15 id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the
16 defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson
17 v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn
18 quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
19 standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
20 and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
21 U.S. 232, 236 (1974).

22    In his amended complaint plaintiff has again named the Department of
23 Corrections and Rehabilitation ("CDCR") as one of the defendants.  The Eleventh Amendment
24 serves as a jurisdictional bar to suits brought by private parties against a state or state agency
25 unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979);
26 Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344,

1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR are frivolous and must be dismissed.

Moreover, plaintiff's allegation concerning the prison law library is insufficient to state a cognizable claim. Plaintiff contends the prison law library did not have three lead cases he needed, for example, Brown v. Board of Education, and "two Bounton v. Virginia" cases. (Complt. at 5.)

As plaintiff was previously informed, a prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50, 116 S.Ct. 2174 (1996). In Lewis v. Casey, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." Id. at 354. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Id. (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-26, 97 S.Ct. 1491 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir.1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus). Here, plaintiff alleges generally that the "inadequate law library . . . cost him 7 years of pain and suffering," yet he concedes he has filed a writ of habeas corpus using all 3 cases to seek relief. (Complt. at 5.) Because it appears plaintiff has successfully filed his habeas corpus petition, he has not sustained an "actual injury" as defined by binding Ninth Circuit authority. Thus, plaintiff fails to state a claim for relief under section 1983.

Plaintiff's second claim pertains to his alleged wrongful placement in administrative segregation ("ad seg"). Plaintiff states that Captain Fox violated his rights by placing plaintiff in ad seg for letting the warden know what problem he was having in the gym. Plaintiff claims his housing in the gym put his life in grave danger.

The Due Process Clause of the United States Constitution affords limited protection to inmates charged with prison rules violations.

3

> Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. Wolff v. McDonnell, 418 U.S. 539, 564-571 . . . (1974). Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. Id.
>
> These healthy procedural protections, however, adhere only when the disciplinary action implicates a protected liberty interest in some "unexpected matter" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 . . . (1995); see also Ramirez v. Galaza, 334 F.3d 850, 860 (2003) ("If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process.") (citations omitted).

Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003), cert. denied Serrano v. Hamlet, 543 U.S. 825, 125 S.Ct. 43 (2004). Plaintiff's allegations do not provide any factual support to implicate the procedural guarantees of the federal due process clause.

> Typically, administrative segregation in and of itself does not implicate a protected liberty interest. *See, e.g., Sandin,* 515 U.S. at 486 . . . ("[D]isciplinary segregation, with insignificant exceptions, mirror[s] those conditions imposed upon inmates in administrative segregation and protective custody."); *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir.2000) (holding that the pre-sentencing prisoner had no liberty interest in being free from administrative segregation); *accord Wagner v. Hanks,* 128 F.3d 1173, 1174 (7th Cir.1997) ("But it would be difficult (we do not say impossible) to make disciplinary segregation sufficiently more restrictive than the conditions of the general population . . . to count as an atypical and significant deprivation of liberty[.]"); *Freitas v. Ault,* 109 F.3d 1335, 1337 (8th Cir.1997) ("We believe that as a matter of law these conditions of [standard administrative segregation] do not constitute an 'atypical and significant' hardship, . . . when compared to the burdens of ordinary prison life.") (internal citation omitted).

Serrano, 345 F.3d at 1078.

Without more, plaintiff's allegation concerning his placement in ad seg does not state a cognizable claim for relief under 42 U.S.C. § 1983. Prisoners generally do not have a liberty interest under the Fourteenth Amendment in their classification status or custody level. See Hewitt v. Helms, 459 U.S. 460, 468 (1983)("It is plain that the transfer of an inmate to less

4

1  amenable and more restrictive quarters for nonpunitive reasons is well within the terms of
2  confinement ordinarily contemplated by a prison sentence."); see also Toussaint v. McCarthy,
3  801 F.2d 1080, 1092 (9th Cir. 1986) ("A liberty interest does not arise even when administrative
4  segregation imposes 'severe hardships,' such as 'denial of access to vocational, educational,
5  recreational, and rehabilitative programs, restrictions on exercise, and confinement to [one's] cell
6  for lengthy periods of time.'") (quoting Hewitt, 459 U.S. at 467 n.4.)  Plaintiff was held in adseg
7  for about 45 days.  Prison officials are given wide discretion in ensuring the security of the
8  institutions they manage.  See Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (inmate's
9  confinement in security housing unit for seventy days pending a disciplinary hearing did not
10 implicate a liberty interest).  Moreover, limited placement in ad seg does not violate the Eighth
11 Amendment's prohibition of cruel and unusual punishment.
12        Moreover, the Director's Level Appeal Decision reveals that plaintiff was placed
13 in ad seg based on a threatening letter he sent to the warden.  (Ex. A, June 17, 2009 Complt.)
14 Thus, plaintiff's claim concerning his placement in administrative segregation fails to state a
15 cognizable civil rights claim and should be dismissed.
16        Because it appears plaintiff is unable to state a cognizable civil rights claim,
17 plaintiff's complaint will be dismissed without leave to amend.
18        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
19 complaint is dismissed for failure to state a claim.
20 DATED:  October 13, 2009.

                              _____
                              UNITED STATES MAGISTRATE JUDGE

24 /001; wash1677.dm